IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-01388-LTB-BNB

JESUS ANDREW LOZANO,

Plaintiff,

v.

JAMES ABBOTT, Warden at C.T.C.F.,
RANDY FOSHEE, Asso Warden at C.T.C.F.,
GARY MORGAN, Mental Health at C.T.C.f.,
JOHN O'SULLIVAN, Mental Health at C.T.C.F.,
LIEUTENANT TOM BENEZE, Investigator C.T.C.F., and
ALEX WOLD, Chief Investigator, at C.T.C.F.,

Defendants.
_____

**ORDER DIRECTING PLAINTIFF TO MAKE
MONTHLY FILING FEE PAYMENT OR TO SHOW CAUSE**
_____

This matter is before me on two letters (the "Letters") filed by the plaintiff: (1) Doc. #15, filed September 21, 2007; and (2) Doc. #22, filed October 17, 2007.

On July 3, 2007, the plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 [Doc. #2]. Section 1915(b)(2), 28 U.S.C., requires that a prisoner "shall make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," provided the prisoner's account exceeds $10.00. In the Order granting plaintiff leave to proceed *in forma pauperis*, plaintiff was instructed to either make the required monthly payments or to show cause **each month** why he has no assets and no means by which to make the monthly payment. In order to show cause, plaintiff was directed to file a certified copy of his inmate trust fund account statement. Plaintiff was warned that a failure to comply with the requirements of § 1915(b)(2) would result in the dismissal of this civil action.

On July 30, 2007, the plaintiff made his initial filing fee payment [Doc. #4]. The plaintiff has not made any monthly payments since, nor has he shown cause why he cannot make the payments.

In his first letter, the plaintiff provides the Court with an "update"regarding his failure to make monthly payments [Doc. #15]. He states that his life partner is going to send his payments to the Court from Florida. However, no payments have been received on behalf of the plaintiff. I remind the plaintiff that under the specific language of the Court's Order granting leave to proceed under 28 U.S.C. § 1915, the responsibility for ensuring that monthly filing payments are made, or demonstrating why such a payment cannot be made, remains with the plaintiff.

In addition, the plaintiff requests that he be permitted to make his payments on the 25th of each month. This request is DENIED.

In his second letter, the plaintiff states that he is unable to obtain from his case manager an account statement which reflects six months of his account history [Doc. #22]. He states that the case manager requires an order from this Court before he will provide the plaintiff with a free copy of his six month account history. The Court issued an order on July 3, 2007, which requires the plaintiff to either make a monthly payment or show cause why he cannot by submitting a monthly account statement which shows he has no assets and no means by which to pay. [Doc. #2]. Therefore, the plaintiff's request for a court order is DENIED AS MOOT. In addition, I note that the Court does not require the plaintiff to submit a six month account history; the Court requires an account history for each month that the plaintiff cannot make a payment.

It is not acceptable for plaintiff to meet his monthly obligations only when specifically called upon by the Court through an order to pay or show cause. Such a procedure unreasonably burdens the Court. Consequently, hereafter I will require plaintiff, by the **15th day** of **each**

month and without any further notice from or order of the Court, either to make the required monthly payment for each preceding month or to file a certified copy of his inmate trust fund account statement for the preceding month demonstrating that he has no assets and no means by which to make the monthly payment. Plaintiff is further advised that making purchases at the canteen in lieu of making his required monthly payments fails to demonstrate good cause for his nonpayment. See Cosby v. Meadors, 351 F.3d 1324, 1327 (10th Cir. 2003) (noting that "when a prisoner has sufficient income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments"). If plaintiff fails hereafter to comply with this requirement in any month prior to the date on which the filing fee is paid in full, I will recommend that the case be dismissed for failure to comply with this Order and with the Order allowing plaintiff to proceed *in forma pauperis*.

Finally, "[a]n application to the court for an order shall be by motion which . . . shall state with particularity the grounds therefor, and shall set forth the relief or order sought. . . . The rules applicable to captions and other matters of form of pleadings apply to all motions and other papers provided for by these rules." Fed.R.Civ.P. 7(b). The petitioner improperly submitted his requests in the form of letters, not in the form of motions, as required.

IT IS ORDERED that the relief requested in the Letters is DENIED

IT IS FURTHER ORDERED that on or before **November 30, 2007**, plaintiff shall make the required monthly payments or show cause why he has no assets and no means by which to make the monthly payments for the months of August, September, and October 2007.

IT IS FURTHER ORDERED that by the **15th day** of **each** month hereafter plaintiff shall either make the required monthly payment for each month or file a certified copy of his inmate trust fund account statement for the month demonstrating that he is not required pursuant to 28

3

U.S.C. § 1915(b)(2) to make a monthly payment. Furthermore, if payment is made for the preceding month, in order to verify that the appropriate amount is being paid, the plaintiff must file a certified copy of his trust fund account statement for that month.  The civil action number should be noted on all payments as well as on any trust fund statements that are filed with the court.

IT IS FURTHER ORDERED that if plaintiff fails to comply with this order, the complaint and this civil action may be dismissed without further notice.

IT IS FURTHER ORDERED that, in the future, all applications to the Court for relief shall be submitted in the form of a motion.

Dated November 7, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge